UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SHEILA BROWN,

                                        Plaintiff

                                                    **DEFENDANTS' REQUESTED**
             -against-                              **JURY INSTRUCTIONS**

THE CITY OF NEW YORK and NEW YORK CITY              11 Civ. 2915 (PAE)(JLC)
HUMAN RESOURCES ADMINISTRATION
DEPARTMENT OF SOCIAL SERVICES,


                                        Defendants
------------------------------------------------------------------------x


      Defendants the City of New York and New York City Human Resources Administration Department of Social Services, (referred to herein as "defendants"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully request that the Court give the following instructions to the jury.

**INSTRUCTION NO. 1.     CONDUCT OF JURORS**

### Introductory Remark:

Members of the jury, the Court now gives you the following instructions:

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy for or against the plaintiff or the defendant.  All parties stand as equals before the bar of justice.  You are to approach your duties coolly and calmly, without emotion, and without being influenced by sympathy for, or prejudice against, any party.

**INSTRUCTION NO. 2.      ROLE OF THE JURY**

As I told you at the beginning of the trial, you are the sole and exclusive judges of the facts.  You determine the weight of the evidence.  You appraise the credibility of the witnesses.  You draw the reasonable inferences to be drawn from the evidence or lack of evidence.  And you resolve such conflicts as there may be in the testimony.

With respect to any factual matters, your recollection—and your recollection alone—governs.  Anything that plaintiff's or defendant's counsel may have said with respect to matters in evidence, whether while questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence.  Likewise, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to be substituted for your own recollection or judgment.

During the trial, I have been called upon to make rulings on various questions.  There may have been objections or motions may have been made to strike answers.  These are matters of law and you should not consider them.

If at any time I instructed you to disregard anything that was said, you must follow that instruction.  If at any time I instructed you that the parties stipulated that a fact was true, you must accept the fact as true.  The fact that, at times, I may have asked questions of witnesses does not indicate any feeling of mine about the facts one way or the other.  My comments were intended only to clarify the issue at hand; it will be your judgment of the evidence that exclusively governs.

**INSTRUCTION NO. 3.     NATURE OF THE EVIDENCE**

What, then does the evidence that you are about to consider consist of?  It is the testimony of witnesses who appeared before you, together with documents and other objects that may have been received into evidence.  Evidence also includes admissions, stipulations of fact, and prior sworn testimony of the parties.  Statements and arguments of counsel are not evidence.  At times, the lawyers may have incorporated into questions a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of the statement, and if there was no other evidence introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is, in fact, true.

Source: Jury Instructions in *Fleming v. Baumert, et al.*, CV-90-0896 (SMG), October 15, 1997.

The law recognizes two types of evidence: direct evidence and circumstantial evidence.  Direct evidence is where witnesses testify as to what they themselves saw or heard, or about which they have knowledge by virtue of their own senses.  Circumstantial evidence consists of proof of facts and circumstances from which, in terms of common experience, one may reasonably infer the ultimate fact sought to be established.  Such evidence, if believed, is of no less value than direct evidence.  A claim must be established by the party bearing the burden of proof for that particular claim, and either circumstantial or direct evidence may be used.

Source: *Sarter v. Arkansas Gas Corp.*, 321 U.S. 620 (1943); *Conn v. Young*, 267 F.2d 725 (2d Cir. 1959); "FJPI" Section 71.08; "PJI" 1:90.

**INSTRUCTION NO. 4.     CREDIBILITY OF WITNESSES**

Now for the important subject of evaluating testimony.

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset in the fulfillment of your obligation as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive or as though he or she were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

There are three ways in which you may decide a witness's testimony is not credible.  First, the way a witness testifies may persuade you that the witness is being inaccurate or untruthful.  Second, you may conclude that the testimony of a witness fails to conform to the facts as indicated by the other evidence you have seen—including the testimony of other witnesses.  Third, you may be persuaded by the evidence you have heard regarding discrepancies between the trial testimony of a witness and something that witness did or said at some earlier time.  You may reach any of these conclusions for any number of reasons, for example, because a witness's recollection is wrong, because a witness did not accurately see or hear what he or she testified about, because a witness was nervous or confused or because he or she did not express him- or herself clearly.  Or, a witness may be intentionally testifying falsely.  If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.

However, few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.  You are not required to accept a witness's testimony even if the testimony is uncontradicted and unchallenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Similarly, it is for you to determine whether a prior statement was inconsistent, and if so, how much weight, if any, to give to an inconsistent statement or a discrepancy in testimony in determining whether to believe all or part of a witness's testimony.  However, you may consider such evidence of a witness's prior inconsistent statements only insofar as it relates to that witness's credibility.  Evidence of a prior inconsistent statement must not be considered by you as affirmative evidence in determining liability, except for statements that have been received in evidence.  Otherwise, evidence of a prior inconsistent statement was placed before you for the limited purpose of helping you decide whether, and how much, to believe the trial testimony of the witness who contradicted him- or herself.

Thus, there is no magic formula by which you can evaluate testimony.  You bring to this courtroom all your experience and all of the background that you have in your everyday

life.  You determine for yourself in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday life.  You may consider the interest of any witness in the outcome of this case and any bias or prejudice of any such witness, and this is true regardless of who called or questioned the witness.

Now, this is certainly not to suggest that any witness with an interest in a case will necessarily testify falsely.  It is simply a matter for you to consider as you review the credibility of witnesses.

## INSTRUCTION NO. 5.      PRIOR INCONSISTENT STATEMENTS

A witness may be discredited or "impeached" by contradictory evidence, that is, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It is for you to determine whether a prior statement was inconsistent and whether any such inconsistency is significant or inconsequential.  Furthermore, if you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Source: MFJI, Instruction 76-5.

## INSTRUCTION NO. 6.     INTERESTED WITNESSES

The plaintiff, Sheila Brown, testified before you. She is an interested party to this action.  Other witnesses may also have a lesser degree of interest in the outcome of the case.

An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand, and such other tests as your experience dictates, whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.  You may, if you deem it proper under all the circumstances, disbelieve the testimony of such a witness, even though it has not been impeached or otherwise contradicted.  However, you are not required to disbelieve such a witness, and may accept whatever part of the witness's testimony you think is reliable, while rejecting whatever you think is unreliable.

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.  By the processes I have just described, you, as the sole judges of the facts, determine which of the witnesses you believe, what portion of their testimony you accept, and what weight you will give it.

**INSTRUCTION NO. 7.      EXPERT WITNESS**

You have also heard testimony from plaintiff's expert, Gerald Bryant, Ph.D.[1]  An expert is allowed to express his opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept the witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

You may give the testimony of the expert such weight, if any, that you think it deserves in the light of all the evidence. You may reject the testimony of the expert in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the expert witness.  But most importantly, as I have already stated, you should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Source: MFJI, Instructions 76-9 and 76-10.

---

[1] Defendants do not waive their objections to this individual being called as an "expert" in this matter.

**INSTRUCTION NO. 8.      DEPOSITION TESTIMONY**

Some of the testimony before you is in the form of depositions that have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Source: MFJI, Instruction 74-14.

**INSTRUCTION NO. 9.     BURDEN OF PROOF**

The burden of proof in this action, a civil case, is by a preponderance of the credible evidence.  In order to prevail on her claim of discrimination in the form of hostile work environment, plaintiff must prove each element of her claim by a preponderance of the credible evidence.  What does "preponderance of the evidence" mean?  To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right— then you must decide that issue <u>against</u> the party who has this burden of proof.  That is because the party bearing this burden must prove more than simple <u>equality</u> of evidence—he or she must prove the element at issue by a <u>preponderance</u> of the evidence.  On the other hand, the party with this burden of proof need not prove more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not—then that element has been proven by a preponderance of the evidence.

The plaintiff in this case bears the burden of proving <u>every</u> essential element of his claim by a fair preponderance of the credible evidence.

## INSTRUCTION NO. 10.    NATURE OF PLAINTIFF'S CLAIM

I am now going to instruct you on the substantive law to be applied to plaintiff's claim. Plaintiff claims she has been subjected to unlawful harassment, in the form of a hostile work environment, because of her gender in violation of Title VII of the Civil Rights Act of 1964, a federal law, the New York State Human Rights Law, a state law, and the New York City Human Rights Law, a New York City law. The defendants deny that plaintiff was subjected to a hostile work environment.

I will now explain several general principles regarding your analysis of plaintiff's harassment claims and the elements that she must prove to establish her claim of harassment under each of these laws.

Let me remind you that to find for the plaintiff on her claim, you must find that she has met her burden to prove every element of that claim by a preponderance of the credible evidence.

Source: *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 79-80, 872 N.Y.S.2d 27, 41 (1st Dep't 2009); *Ellis v. City of New York*, No. 08 cv 7605, 2011 WL 3279057, at *8 (S.D.N.Y. July 28, 2011); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05 civ. 10355, 2009 WL 873206, at *29 (S.D.N.Y. Mar. 31, 2009). *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311, 819 N.E.2d 998, 1010-11 (2004).

**INSTRUCTION NO. 11.     CONDUCT MUST OCCUR BECAUSE OF A PLAINTIFF'S GENDER**

During the course of the trial, you have heard the plaintiff testify that she felt "harassed" by the conduct of an individual in the workplace. In this lawsuit, "harassment" has a specific legal meaning, which may be different from the way that the average person uses the word. In order for you to find that plaintiff has established her claim of harassment, you must find that the conduct complained of occurred because of her gender. Rude, boorish, gruff, or unprofessional behavior that is directed to the plaintiff for a reason other than her gender does not establish the plaintiff's claim of gender based hostile work environment.

Source: *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-05 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 79-80, 872 N.Y.S.2d 27, 41 (1st Dep't 2009); *Ellis v. City of New York*, No. 08 cv 7605, 2011 WL 3279057, at *8 (S.D.N.Y. July 28, 2011); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05 civ. 10355, 2009 WL 873206, at *29 (S.D.N.Y. Mar. 31, 2009). *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311, 819 N.E.2d 998, 1010-11 (2004).

**INSTRUCTION NO. 12.    MERE INCIVILITY IS NOT ACTIONABLE HARASSMENT**

During the course of this trial, you have heard plaintiff testify that the conduct she claims is harassment was unpleasant. Please bear in mind that the law governing unlawful harassment does not create a claim for all unpleasant or abusive behavior in the workplace; it is not a general civility code and does not protect against the normal tribulations of the workplace, petty slights and trivial inconveniences. Additionally, when you consider whether the plaintiff's work environment constituted a hostile work environment on the basis of plaintiff's gender, you must also consider the social context of the environment.  In some work places, employees use more curse words, vulgar or offensive language than others.   In these social settings, curse words, vulgar or crude language may not be in itself discriminatory harassment even if it occurs more frequently than you are used to in your workplace or other social settings. You must also consider the conduct from the perspective of a reasonable person, and not from the perspective of an overly sensitive person.

Source: *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-05 (2d Cir. 2010); *Marshall v. N.Y. City Bd. of Elections*, 322 Fed. Appx. 17, 18-19 (2d Cir. 2009); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001).

**INSTRUCTION NO. 13.   STANDARD: PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII AND THE NEW YORK STATE HUMAN RIGHTS LAW**

Plaintiff claims that she was subjected to a gender-based hostile work environment. I will now explain to you what plaintiff must prove, by a preponderance of the credible evidence, in order to prove her claim of a hostile work environment.

To establish a hostile work environment based gender under Title VII and the New York State Human Rights Law, plaintiff must prove, by a preponderance of the credible evidence each of the following elements:

(1) that she was intentionally subjected to unwelcome harassment because of her gender between May 2007 and March 5, 2010; and

(2) that the harassment was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and plaintiff in fact did perceive it to be so; and

(3) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive working environment (I will provide you with more information regarding this severe and pervasive standard shortly); and

(4) she suffered damages as a result of the harassing conduct; and

(5) there is a basis for imputing the conduct to the employer.

If you find that plaintiff has failed to prove any of these elements by a preponderance of the credible evidence, you must find in favor of the defendants regarding her harassment claim under Title VII and the New York State Human Rights Law.

Source: American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, *Model Jury Instructions, Employment Litigation*, (2d Ed. 2005), §1.04[4] (modified); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-05 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311, 819 N.E.2d 998, 1010-11 (2004). *Richardson v. New York State*, 180 F.3d 426. (1999). *Duch v. Jakubek*, 588 F.3d 762 (2d Cir. 2000). *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1992).

**INSTRUCTION NO. 14.  STANDARD: HOSTILE WORK ENVIRONMENT MUST BE OBJECTIVELY AND SUBJECTIVELY OFFENSIVE UNDER TITLE VII AND NEW YORK STATE HUMAN RIGHTS LAW**

I presented earlier the standard plaintiff must meet to establish her hostile work environment claim under Title VII and the New York State Human Rights Law. One element of this standard is that plaintiff must show, by a preponderance of the credible evidence, that the harassment was both objectively and subjectively offensive: that means two things, first, that plaintiff in fact felt to be so that a reasonable person would find it hostile or abusive and.

In other words, the environment in question is to be judged by both an objective and subjective standard. It is not enough for you to find that the plaintiff herself believed that she was being subjected to a hostile work environment. You must also find that a reasonable person of the gender as plaintiff would also have found the working conditions to constitute a hostile work environment. In other words, it is not enough that you find that plaintiff felt subjectively intimidated, you must also find that any reasonable person in plaintiff's position would have felt that the workplace was an environment permeated by discriminatory insult and ridicule.

Source: *Harris*, 510 U.S. at 21: "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Accord Trotta v. Mobil Oil Corp.*, 788 F. Supp. 1336, 1349 (S.D.N.Y. 1992); *Danna v. New York Telephone Co.*, 752 F.Supp. 594, 609–10 (S.D.N.Y. 1990); *Bennett v. New York City Dept. of Correction*, 705 F.Supp. 979, 984 (S.D.N.Y. 1989).

## INSTRUCTION NO. 15.  SEVERE OR PERVASIVE STANDARD UNDER TITLE VII AND THE NEW YORK STATE HUMAN RIGHTS LAW

I presented earlier the standard plaintiff must meet to establish her hostile work environment claim under Title VII and the New York State Human Rights Law. One element of this standard is that plaintiff must show, by a preponderance of the credible evidence, that the hostile conduct at issue was severe or pervasive. I will now provide you with more information regarding this severe or pervasive standard.

Under Title VII and the New York State Human Rights Law, plaintiff must prove, by a preponderance of the credible evidence, that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms and conditions of the plaintiff's employment. Isolated acts or episodic incidents, unless very serious, do not meet the threshold of severity or pervasiveness. Instead of sporadic incidents, there must be a steady barrage of opprobrious conduct based on plaintiff's gender. Although no single factor is decisive, in deciding whether conduct is severe or pervasive, you should consider the following factors, in addition to any other relevant factors:

(1) the frequency of the conduct. In this regard, the incidents plaintiff complains of must be repeated and continuous, isolated acts or occasional episodes are not enough to establish a violation.

(2) the severity of the conduct.

(3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance.

(4) whether the conduct interfered with the employee's work performance.

Source: American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, *Model Jury Instructions, Employment Litigation*, (2d Ed. 2005), §1.04[4] (modified); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 104-05 (2d Cir. 2010); *Alfano v. Costello*, 294 F.3d 365, 373-74 (2d Cir. 2001); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-311, 819 N.E.2d 998, 1010-11 (2004). *Richardson v. New York State*, 180 F.3d 426. (1999). *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2000). *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1992); *Kotchis v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 62-63 (2d Cir. 1992); *Lopez v. S.B. Thomas Inc.*, 831 F.2d 1184, 1189 (2d Cir. 1987) (several incidents over short period of about five months insufficient); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986) (plaintiff cannot rely solely on casual comments or trivial events and sporadic conversation); *Babcock v. Frank*, 783 F.Supp. 800, at 808 (S.D.N.Y. 1992) (harassment must consist of more than just isolated incidents or casual comments; incidents must be more than few in number over a short period of time).

**INSTRUCTION NO. 16.    HOSTILE WORK ENVIRONMENT STANDARD UNDER
THE NEW YORK CITY HUMAN RIGHTS LAW**

I now explain the standard plaintiff must prove, by a preponderance of the credible evidence, to establish his hostile work environment claim under the New York City Human Rights Law.

One purpose of the New York City Human Rights Law is to prevent unwanted conduct based on gender from befouling the workplace. Therefore, the focus is on whether plaintiff was harassed through unequal treatment because of her gender.  Plaintiff must prove, by a preponderance of the credible evidence, that the conduct at issue in this case during the relevant time period between May 2007 and March 5, 2010, meets this standard to establish his claim of harassment under the New York City Human Rights Law.

The New York City Human Rights Law, however, is not a workplace civility code.  This means that the defendants will not have liability under the New York City Human Rights Law if it proves, by a preponderance of the credible evidence, that the conduct complained of was nothing more than what a reasonable victim of discrimination would view as petty slights or trivial inconveniences.

Source: *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 79-80, 872 N.Y.S.2d 27, 41 (1st Dep't 2009); *Ellis v. City of New York*, No. 08 cv 7605, 2011 WL 3279057, at *8 (S.D.N.Y. July 28, 2011); *Wilson v. N.Y.P. Holdings, Inc.*, No. 05 civ. 10355, 2009 WL 873206, at *29 (S.D.N.Y. Mar. 31, 2009).

# INSTRUCTION NO. 17.    STANDARD: EMPLOYER LIABILITY UNDER ALL STATUTES

Even if plaintiff shows that she was subjected to a hostile work environment by her co-worker, in fact her subordinate, George Miller, the City of New York cannot be held liable unless plaintiff proves that a specific basis existed for imputing the hostile work environment to the City of New York.  I now explain the standard plaintiff must prove by a preponderance of the credible evidence, to impute a hostile work environment, if any, to the City.

## Title VII Standard

I will first address the standard under Title VII.  In determining whether liability can be imputed to the City of New York under Title VII, you must consider whether the alleged hostile work environment was created by a co-worker of plaintiff, or by a supervisor of plaintiff.  Here, it is undisputed that the alleged hostile work environment was created by plaintiff's co-worker, George Miller, and not a supervisor.

Because the alleged hostile work environment here was perpetrated by plaintiff's co-worker, George Miller, the City of New York can only be held liable for the hostile work environment if plaintiff demonstrates by a preponderance of the credible evidence that the City either (1) provided no reasonable avenue for plaintiff to complain, or (2) knew of the harassment but did nothing about it.

In other words, if you find that plaintiff was subjected to hostile work environment by George Miller, but you also find that the City of New York provided plaintiff with a reasonable means of complaining about the harassment, or took some action to attempt to remedy the situation, then the City of New York cannot be liable for the hostile work environment.

Source: *Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004); *Feingold v. New York*, 366 F.3d 138, 150, 152 (2d Cir. 2004); *Richardson v. New York Dep't of Corr. Servs.*, 180 F.3d 426, 441 (2d Cir. 1999); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997); *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) (qoting *Perry*).

To hold the City responsible for the hostile work environment created by a coworker, the standard is at least as strict under the New York State Human Rights Law and even stricter under the New York City Human Rights Law.  I will address the standard under each of those statutes now.

## New York State Human Rights Law Standard

Under the New York State Human Rights Law, you cannot find the City responsible unless plaintiff demonstrates by a preponderance of the credible evidence that the City became a party to the hostile work environment, condoned it, or approved it.

Source: *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107(2d Cir. 2011); *Matter of State Div. of Human Rights v. St. Elizabeth's Hosp.*, 66 N.Y.2d 684, 687 (1985).

New York City Human Rights Law Standard

Under the New York City Human Rights Law, the City is not legally responsible for the acts of plaintiff's coworker unless plaintiff demonstrates by a preponderance of the credible evidence that the City (1) knew about the gender-based hostile work environment and (2) either acquiesced in the conduct or failed to take appropriate action. The City can only be deemed to have known about any unlawful conduct if plaintiff demonstrates by a preponderance of the credible evidence that the gender-based hostile work environment was known by one of plaintiff's supervisors or managers. The knowledge plaintiff must prove must relate to the gender-based hostile work environment, and not just general complaints about the coworker.

Source: *Zakrzewska v. New School,* 14 N.Y.3d 469, 479 (2010) quoting N.Y.C. Admin Code § 8-107(13); N.Y.C. Admin. Code § 8-107(13)(b)(2).

## INSTRUCTION NO. 18.     DAMAGES

If you find that plaintiff has carried her burden, as I have described it to you, of proving by a preponderance of the evidence that her co-worker George Miller subjected her to a hostile work environment, and that the defendant either (1) provided no reasonable avenue for her to complain of the harassment, or (2) knew of the harassment but did nothing about it, then you may consider the amount of damages which will fairly and reasonably compensate plaintiff for those injuries she sustained as a result of that conduct.

The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for plaintiff.  That is entirely up to you.  As a judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims.

**INSTRUCTION NO. 19.     INTRODUCTORY INSTRUCTIONS ON DAMAGES**

Compensatory damages are designed to restore the plaintiff to the same position he or she was in prior to the injury; that is, to compensate for the damage suffered as a direct result of the defendant's illegal conduct.  The only compensatory damages available in this case are for emotional pain and suffering.

You may not presume that a plaintiff has been damaged.  The burden is on a plaintiff to prove each item of his or her damages by a preponderance of the evidence.  A plaintiff is not required to prove the amount of his or her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  At the same time, the damages you award must be based on the evidence presented at trial, not on speculation or guesswork.  The plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages.  If a plaintiff fails to do that, then plaintiff cannot recover for that item of damages.

In determining the amount of damages, you must exercise good judgment and common sense.  The purpose of a damage award is to make a plaintiff whole, that is, to compensate for the injuries, if any, that resulted from the defendant's violation of the plaintiff's legal rights.  The damages that you award should be fair and reasonable, neither inadequate nor excessive.

## INSTRUCTION NO. 20.     NOMINAL DAMAGES

If you return a verdict for plaintiff, but find she has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

I have now outlined for you the rules of law applicable to the claim in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury for your deliberations.

Traditionally, Juror Number One acts as foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, the foreperson's vote is not entitled to any greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

When you are in the jury room, you may then discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors: well and truly to try the issues of this case and a true verdict render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or see trial transcripts of certain portions of the testimony, I will call you into court and have the court reporter read those portions of the testimony to you or send the requested portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing or reading testimony that you do not need to assist you in your deliberations.

If, in the course of your deliberations, you wish further help as to the law, or if you wish to hear any further explanation as to the law, you may send me a note telling me what you would like.

Bear in mind also that you are not to reveal to any person—not even in open court—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict. Any verdict you reach must be unanimous.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. Your verdict will be organized according to what is called a special verdict form. I am about to pass out copies of that special verdict form to you now. When you receive a copy you will see that the special verdict form is a questionnaire, which lists the following questions.

**[READ QUESTIONS]**

When you have completed the verdict form, then you will sign your names, the form will be marked as a Court Exhibit and the verdict sheet will then form the basis for the verdict that you deliver.

I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and should not rely on any one portion in disregard of remaining portions.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point. (The attorneys will come to the side bar to make any exceptions). (Swear Marshals).

Dated:      New York, New York
             November 14, 2013

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                           City of New York
                          Attorney for Defendants
                          100 Church Street, Rms. 2-138 / 2-112
                          New York, New York 10007-2601
                          Tel: 212-356-2460 / 212-356-2078
                          Fax: 212-788-0940 / 212-356-
                          jgiambro@law.nyc.gov
                          dstodola@law.nyc.gov

                 By: _____/s/_____
                     Jessica Giambrone
                     Assistant Corporation Counsel

                 By: _____/s/_____
                     Damion K. L. Stodola
                     Assistant Corporation Counsel